| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 1:14-CR-00344-13-AT |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 5:20-cr-229 (1) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION | |
|---|---|---|---|
| Ali Al-Amin<br>Address Unknown | Northern District of Georgia | Atlanta | |
| | NAME OF SENTENCING JUDGE<br>Honorable William S. Duffey | | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>11/27/2019 | TO<br>11/26/2022 |

**OFFENSE**

Count One: Conspiracy to Commit Theft of Government Funds, in violation of Title 18, U.S.C. Section 641; Count 15: Theft of Government Funds, in violation of Title 18, U.S.C. Section 641; Count 30: Aggravated Identity Theft, in violation of Title 18, U.S.C. Section 1028A(a)(1).

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District of Georgia _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the  Western District of Texas -- San Antonio Division _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_4/1,5 | 2020_
Date

_United States District Judge_

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_4/16/20_
Effective Date

_United States District Judge_

**SEALED**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

**ORIGINAL**

SEP 1 1 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES N. HATTEN, CLERK
By: ~~Chamber~~
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT NO. |
| *v.* | |
| HUSSAIN ABDULLAH;<br>HUDHAYFAH ABDULLAH;<br>ASAD ABDULLAH,<br>   a/k/a "Baldhead";<br>HAFID ABDUR-RABBANI;<br>IBRAHIM ABDUR-RABBANI;<br>KHALIL MAJEED;<br>SAYEED VALDEZ;<br>ERICA WILLIS;<br>DEXTER WILLIS,<br>   a/k/a Qadir Monies,<br>   a/k/a "Dent";<br>ANTONIO SLATON;<br>CORY HOWELL;<br>DAMION DAVIS;<br>ALI AL-AMIN;<br>ZAKARIYAH ABDULLAH;<br>BILLEE COSBY;<br>MIKAL MAJEED;<br>MUHAJID AHMAD;<br>JOANN DRIGO; and<br>JASMINE PROCTOR | **1:14-CR-0344** |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### Conspiracy to Commit an Offense against the United States
### (18 U.S.C. § 371)

1. From no later than in or about June 2012 and continuing through on or

about the date the Grand Jury returned this indictment, in the Northern District

of Georgia and elsewhere, the defendants,

HUSSAIN ABDULLAH;
HUDHAYFAH ABDULLAH;
ASAD ABDULLAH, a/k/a "Baldhead";
HAFID ABDUR-RABBANI;
IBRAHIM ABDUR-RABBANI;
KHALIL MAJEED;
SAYEED VALDEZ;
ERICA WILLIS;
DEXTER WILLIS, a/k/a Qadir Monies, a/k/a "Dent";
ANTONIO SLATON;
CORY HOWELL;
DAMION DAVIS;
ALI AL-AMIN;
ZAKARIYAH ABDULLAH;
MUHAJID AHMAD;
JOANN DRIGO; and
JASMINE PROCTOR,

and others known and unknown to the Grand Jury, did unlawfully, willfully,

and knowingly conspire, combine, confederate, and agree with others both

known and unknown to the Grand Jury to commit an offense against the United

States, to wit: to willfully and knowingly receive, conceal and retain property of

the United States, that is, payments, in the form of checks having an aggregate

value in excess of $1,000, issued by the United States Department of Treasury, on

behalf of the Internal Revenue Service, Social Security Administration,

2

Department of Veterans Affairs, and other federal departments, agencies, and bureaus, with the intent to convert said property to their own use, the defendants then knowing and having reason to know said property was stolen, in violation of Title 18, United States Code, Section 641.

## Background Information

2. At all times relevant to this Indictment, the Department of the Treasury issued payments to beneficiaries in the form of checks on behalf of various departments, agencies, and bureaus of the federal government, including, but not limited to, the Internal Revenue Service, the Social Security Administration, and the Department of Veterans Affairs.

## Manner and Means of the Conspiracy

3. It was a part of the plan and purpose of the conspiracy that defendants ERICA WILLIS, DEXTER WILLIS, ANTONIO SLATON, DAMION DAVIS, and CORY HOWELL, along with others known and unknown to the Grand Jury, obtained stolen checks, including stolen U.S. Treasury checks, from various sources, such as employees within the United States Postal Service.

4. It was part of the plan and purpose of the conspiracy that defendants ERICA WILLIS, DEXTER WILLIS, ANTONIO SLATON, DAMION DAVIS, and CORY HOWELL, along with others known and unknown to the Grand Jury, found buyers or partners, including defendants HUSSAIN ABDULLAH, HUDHAYFAH ABDULLAH, ASAD ABDULLAH, IBRAHIM ABDUR-RABBANI, HAFID ABDUR-RABBANI, SAYEED VALDEZ, ZAKARIYAH

3

ABDULLAH, MUHAJID AHMAD, JOANN DRIGO, and DAMION DAVIS, to facilitate the cashing of the stolen checks.

5. It was a part of the plan and purpose of the conspiracy that defendants HUSSAIN ABDULLAH, HUDHAYFAH ABDULLAH, ASAD ABDULLAH, HAFID ABDUR-RABBANI, IBRAHIM ABDUR-RABBANI, SAYEED VALDEZ, ZAKARIYAH ABDULLAH, JOANN DRIGO, and DAMION DAVIS along with others known and unknown to the Grand Jury, would either buy the stolen checks for a small fraction of the face value of the checks or would obtain the stolen checks from the seller on credit and then split the proceeds of the checks with the seller once the checks were cashed successfully.

6. It was a part of the plan and purpose of the conspiracy that defendants IBRAHIM ADBUR-RABBANI, HAFID ABDUR-RABBANI, and KHALIL MAJEED, along with others known and unknown to the Grand Jury, would manufacture or obtain counterfeit identification matching the name on the stolen checks to be cashed, but which would display the photograph of the conspirator attempting to cash the check and not the photograph of the actual and rightful payee.

7. It was a part of the plan and purpose of the conspiracy that defendants ALI AL-AMIN and JASMINE PROCTOR, along with others known and unknown to the Grand Jury, would be provided with counterfeit identification and the stolen checks and driven by defendants HUSSAIN ABDULLAH, HUDHAYFAH ABDULLAH, HAFID ABDUR-RABBANI, SAYEED VALDEZ,

4

ZAKARIYAH ABDULLAH, and MUHAJID AHMAD, along with others known
and unknown to the Grand Jury, to locations to attempt to cash the stolen checks.

8. It was a part of the plan and purpose of the conspiracy that defendants
HUSSAIN ABDULLAH, ASAD ABDULLAH, HUDHAYFAH ABDULLAH, and
ALI AL-AMIN, along with others known and unknown to the Grand Jury, used
an individual who they believed was an employee at a check cashing location
who would cash the stolen checks for them.

### Overt Acts in Furtherance of the Conspiracy

9. In furtherance of the conspiracy, and to effect the objects and purposes
thereof, the defendants committed various overt acts in the Northern District of
Georgia and elsewhere, including, but not limited to, the following:

10. On or about June 28, 2012, defendant HUDHAYFAH ABDULLAH
deposited into a Chase Bank business checking account, controlled solely by him,
a U. S. Treasury Tax Refund check payable to another, T.A.C., in the amount of
$7,325.00.

11. On or about June 29, 2012, defendant HUDHAYFAH ABDULLAH made
two on-line transfers, for $2,000.00 and $3,000.00, respectively, from the Chase
Bank business checking account referenced in paragraph 10, above, into his
personal Chase Bank account.

12. On or about July 25, 2012, defendant HUDHAYFAH ABDULLAH
deposited into a Chase Bank business checking account, controlled solely by him

5

and using the ATM card issued to him by Chase Bank, a stolen U.S. Treasury Tax Refund check payable to another, M.S., in the amount of $110,656.00.

13. On or about December 19, 2013, defendant IBRAHIM ABDUR-RABBANI and two unindicted co-conspirators directed a runner to cash a stolen U.S. Treasury Social Security check payable to another, D.E.B., in the amount of $2,130.00 and provided a counterfeit Georgia driver's license showing D.E.B's name, but displaying the runner's photograph.

14. On or about December 19, 2013, defendant IBRAHIM ABDUR-RABBANI and the two unindicted co-conspirators drove the runner to a Walmart to cash the stolen check using the counterfeit identification.

15. On or about January 15, 2014, defendant IBRAHIM ABDUR-RABBANI directed a runner to cash a stolen U.S. Treasury Veterans Administration Compensation check payable to another, F.H.S., in the amount of $2,000.00 and provided a counterfeit Georgia driver's license showing F.H.S.'s name, but displaying the runner's photograph.

16. On or about January 15, 2014, defendants IBRAHIM ABDUR-RABBANI and HAFID ABDUR-RABBANI drove the runner to a Walmart to cash the stolen check using the counterfeit identification, after which IBRAHIM ABDUR-RABBANI and HAFID ABDUR-RABBANI took all but $150.00 of the $2,000.00.

17. On or about February 6, 2014, defendant HAFID ABDUR-RABBANI directed a runner to cash a stolen U.S. Treasury Social Security check payable to another, A.B.W., in the amount of $ 3,257.47 and provided a counterfeit Georgia driver's license showing A.B.W.'s name, but displaying the runner's photograph.

6

18. On or about February 6, 2014, defendant HAFID ABDUR-RABBANI drove the runner to a Walmart to cash the stolen check using the counterfeit identification, after which HAFID ABDUR-RABBANI took all but $125.00 of the $3,257.47.

19. On or about February 6, 2014, defendant HAFID ABDUR-RABBANI gave the runner a second counterfeit Georgia driver's license, in the name T.S.B., told the runner that he was going to meet with the supplier of the stolen checks, and instructed the runner that the counterfeit identification would be used later to cash another stolen check.

20. On or about February 11, 2014, defendants HAFID ABDUR-RABBANI and JASMINE PROCTOR cashed and attempted to cash, using counterfeit Georgia driver's licenses, three stolen U.S. Treasury checks in the following amounts and payee names: $1,050.60 payable to C.H.; $1,633.70, payable to A.D.K.; and $1,935.45, payable to I.M.A.

21. On or about February 19, 2014, IBRAHIM ABDUR-RABBANI produced a counterfeit Georgia driver's license in the name Thomas R. Jennings.

22. On or about February 27, 2014, defendant HAFID ABDUR-RABBANI directed a runner to cash a stolen U.S. Treasury Tax Refund check payable to another, R.W., in the amount of $2,597.08 and provided a counterfeit Georgia driver's license showing R.W.'s name, but displaying the runner's photograph.

23. On or about February 27, 2014, defendant HAFID ABDUR-RABBANI drove the runner to a Walmart to cash the stolen check using the counterfeit

identification, after which HAFID ABDUR-RABBANI took all but $100.00 of the $2,597.08.

24. On or about March 12, 2014, defendant IBRAHIM ABDUR-RABBANI told defendant DAMION DAVIS that he has "official" work for him and that they would "eat."

25. On or about March 12, 2014, defendant DAMION DAVIS reported back to defendant IBRAHIM ABDUR-RABBANI that his runner was unable to cash the check that defendant IBRAHIM ABDUR-RABBANI had provided.

26. From on or about March 12, 2014, until on or about March 18, 2014, defendant IBRAHIM ABDUR-RABBANI repeatedly told defendant DAMION DAVIS that he wanted DAVIS to supply a $3,500.00 check for cashing.

27. On or about March 13, 2014, defendant ZAKARIYAH ABDULLAH directed a runner to cash a stolen U.S. Treasury Tax Refund check payable to another, R.P., in the amount of $2,699.00.

28. On or about March 13, 2014, defendant MUHAJID AHMAD provided the runner a counterfeit Georgia driver's license manufactured by IBRAHIM ABDUR-RABBANI showing R.P.'s name, but displaying the runner's photograph.

29. On or about March 13, 2014, defendant MUHAJID AHMAD drove the runner to a Walmart to cash the stolen check obtained by defendant ZAKARIYAH ABDULLAH using the counterfeit identification provided by defendant IBRAHIM ABDUR-RABBANI, after which the runner kept $300.00 of the money, which was the amount negotiated by ZAKARIYAH ABDULLAH.

8

30. On or about March 17, 2014, defendant DAMION DAVIS asked defendant IBRAHIM ABDUR-RABBANI if he could manufacture counterfeit identification for a runner who had lost his, and defendant IBRAHIM ABDUR-RABBANI responded that he could do so for $150.00.

31. On or about March 25, 2014, defendants IBRAHIM ABDUR-RABBANI and HAFID ABDUR-RABBANI directed a runner to cash a stolen U.S. Treasury Veteran Compensation check payable to another, C.D.W., in the amount of $1,041.39 and provided a counterfeit Georgia driver's license showing C.D.W.'s name, but displaying the runner's photograph.

32. On or about March 25, 2014, defendants IBRAHIM ABDUR-RABBANI and HAFID ABDUR-RABBANI drove the runner to a Walmart to cash the stolen check, after which the defendants took all but $100.00.

33. On or about April 1, 2014, defendant HAFID ABDUR-RABBANI provided a runner with a counterfeit Georgia driver's license and told the runner that it was an example of the quality of counterfeit license that defendants IBRAHIM ABDUR-RABBANI and HAFID ABDUR-RABBANI were capable of producing.

34. On or about April 17, 2014, defendants SAYEED VALDEZ and ASAD ABDULLAH directed a runner to cash a stolen U.S. Treasury Tax Refund check payable to others, D.T.J. and S.N.B., in the amount of $984.38, and defendant SAYEED VALDEZ drove the runner to a Walmart to cash the stolen check, after which defendant SAYEED VALDEZ kept all but $75.00.

35. On or about April 17, 2014, defendant CORY HOWELL told defendant HUDHAYFAH ABDULLAH that he had stolen checks in the amounts of

9

approximately $9,000.00, $8,000.00, $6,500.00, and $3,000.00 for sale, and defendant HUDHAYFAH ABDULLAH told HOWELL that he would look for a buyer for the checks.

36. On or about April 22, 2014, defendant HUDHAYFAH ABDULLAH told defendant CORY HOWELL that he and his co-conspirators were interested in only buying checks for "4 bands," meaning $4,000.00, or less, and that the "season was almost over" for tax refund checks.

37. .On or about April 28, 2014, defendant HUDHAYFAH ABDULLAH, asked a runner to cash a stolen check payable to another in the amount of $2,800.00.

38. On or about April 28, 2014, defendant CORY HOWELL told defendant HUDHAYFAH ABDULLAH that he was selling checks with values of approximately $3,800.00 (a "38") and $2,800.00 (a "28"), and defendant HUDHAYFAH ABDULLAH told HOWELL that he would buy them.

39. On or about April 29, 2014, defendant CORY HOWELL warned defendant HUDHAYFAH ABDULLAH that if HUDHAYFAH ABDULLAH could not pick up the checks that evening for cashing, HOWELL would lose the opportunity to get them.

40. On or about April 29, 2014, defendant CORY HOWELL told defendant HUDHAYFAH ABDULLAH that his source for the checks is an individual who steals them from the post office where he works.

41. On or about April 29, 2014, defendant ASAD ABDULLAH complained to defendant HUDHAYFAH ABDULLAH that the checks defendant SAYEED

· VALDEZ had at the moment were all too small, being only $400.00 or $500.00 each.

42. On or about April 29, 2014, defendant ASAD ABDULLAH brokered a deal for stolen checks between defendants HUDHAYFAH ABDULLAH and ERICA WILLIS, and others, in which WILLIS and an unindicted co-conspirator called HUDHAYFAH ABDULLAH and told him that they had three stolen U.S. Treasury checks available in the amounts of $1,084.00, $783.00 and $500.00.

43. On or about April 29, 2014, defendants HUDHAYFAH ABDULLAH and ERICA WILLIS, along with an unindicted co-conspirator, negotiated the cashing of stolen checks totaling approximately $5,000.00 for which defendant HUDHAYFAH ABDULLAH was willing to either pay defendant ERICA WILLIS and her co-conspirator 20% of the face value of the checks outright or split evenly the proceeds of those checks that were successfully cashed.

44. On or about April 29, 2014, defendant HUDHAYFAH ABDULLAH agreed to purchase three checks from defendant ERICA WILLIS and an unindicted co-conspirator for 25% of the face values of $1,084.00, $783.00 and $500.00.

· 45. On or about April 29, 2014, defendant HUDHAYFAH ABDULLAH provided to a runner a stolen U.S. Treasury Tax Refund check, payable to others, T.E.P. and S.P., in the amount of $1,084.00; a stolen U.S. Treasury Defense Finance and Accounting Service check, payable to another, K.M.A., in the amount of $783.08; and a counterfeit Georgia driver's license that was

11

manufactured by defendant IBRAHIM ABDUR-RABBANI and which showed
T.E.P.'s name, but displayed the runner's photograph .

46. On or about April 29, 2014, defendant HUDHAYFAH ABDULLAH drove
the runner to a Walmart to cash the stolen checks using the counterfeit
identification defendant IBRAHIM ABDUR-RABBANI provided, after which
defendant HUDHAYFAH ABDULLAH kept all but $100.00.

47. On or about April 29, 2014, defendant HUDHAYFAH ABDULLAH
obtained from defendant ERICA WILLIS two stolen U.S. Treasury Tax Refund
checks, each payable to others, one to M.D. and A.A., in the amount of $1,009.00,
and the other to G.M., in the amount of $914.97.

48. On or about April 30, 2014, defendant HUDHAYFAH ABDULLAH
provided to a runner for cashing the two stolen U.S. Treasury Tax Refund checks
obtained from defendant ERICA WILLIS, as well as a counterfeit Georgia
driver's license that was manufactured by defendant KHALIL MAJEED that
showed the name G.M., but displayed the runner's photograph.

49. On or about April 30, 2104, defendant ERICA WILLIS offered defendant
HUDHAYFAH ABDULLAH a stolen check in the amount of $2,650.00.

50. On or about May 1, 2014, defendant ERICA WILLIS told defendant
HUDHAYFAH ABDULLAH that she and her co-conspirator had a number of
stolen checks that totaled approximately $10,000.00.

51. On or about May 1, 2014, defendant HUDHAYFAH ABDULLAH asked
defendant CORY HOWELL if he had a $2,700.00 check available for cashing, and
HOWELL responded that he had one for "under 3000."

12

52. On or about May 5, 2014, defendant ASAD ABDULLAH cautioned defendant HUDHAYFAH ABDULLAH to hurry and cash the checks from the deal that ASAD ABDULLAH brokered before someone else "jump[ed] in front of him."

53. On or about May 5, 2014, defendant SAYEED VALDEZ told defendant HUDHAYFAH ABDULLAH that he had a number of checks in varying amounts, and HUDHAYFAH ABDULLAH told SAYEED VALDEZ that he would try to cash them in two or three days.

54. On or about May 7, 2014, defendant ASAD ABDULLAH told defendant HUDHAYFAH ABDULLAH that defendant HAFID ABDUR-RABBANI was trying to get him a check for $3,300.00 that was only 3 days old.

55. On or about May 8, 2014, defendant HUDHAYFAH ABDULLAH possessed two stolen U.S. Treasury checks that he had obtained through defendant ASAD ABDULLAH in the approximate amounts of $499.00 and $749.00 and arranged for a runner to cash those checks, as well as a third stolen U.S. Treasury check for which defendant HUSSAIN ABDULLAH would provide the runner.

56. On or about May 9, 2014, defendant HUDHAYFAH ABDULLAH ordered stolen checks from defendant ERICA WILLIS in the approximate amounts of $719.00, $756.00, and $683.00.

57. On or about May 9, 2014, defendant HUSSAIN ABDULLAH provided to a runner a stolen U.S. Treasury Tax Refund check, payable to another, P.B., in the amount of $3,357.84 and a counterfeit Georgia driver's license manufactured by

13

defendant HAFID ABDUR-RABBANI that showed P.B.'s name, but displayed the runner's photograph.

58.  Thereafter, on May 9, 2014, defendant HUDHAYFAH ABDULLAH also provided the runner two stolen U.S. Treasury Tax Refund checks, each payable to others, one to D.E. and H.M.E. in the amount of $499.00 and the other to C.M.J. and J.S.J. in the amount of $746.00.  Defendant HUDHAYFAH ABDULLAH then drove the runner to a Walmart to cash the three stolen U.S. Treasury checks, after which the runner gave defendant HUDHAYFAH ABDULLAH all but $257.00 of the proceeds from the three stolen checks.

59.  On or about May 10, 2104, defendant ERICA WILLIS offered defendant HUDHAYFAH ABDULLAH $10,000.00 worth of stolen checks for $2000.00

60.  On or about May 10, 2014, defendant CORY HOWELL offered defendant HUDHAYFAH ABDULLAH a number of stolen checks totaling $15,000.00.

61.  On or about May 15, 2014, defendant ERICA WILLIS offered to sell defendant HUDHAYFAH ABDULLAH two stolen U.S. Treasury checks, each with a face value of $2,000.00.

62.  On or about May 20, 2014, defendant HUDHAYFAH ABDULLAH provided to a runner the following three stolen U.S. Treasury checks, each made payable to others: a Social Security check payable to P.G.A., in the amount of $719.67; a Veterans Administration Compensation check, payable to A.M.M., in the amount of $577.74; and a Veterans Administration Compensation check, payable to L.J., in the amount of $683.80, as well as a counterfeit Georgia driver's license manufactured by defendant KHALIL MAJEED that showed L.J.'s name,

14

but displayed the runner's photograph. Defendant HUDHAYFAH ABDULLAH took from the runner all but $103.00 of the proceeds from the stolen checks.

63. On or about May 22, 2014, defendant ERICA WILLIS offered to sell defendant HUDHAYFAH ABDULLAH "fresh" stolen checks, including two checks each with a face value of $2,000.00 and two or three additional checks worth $700.00 each.

64. On or about May 28, 2014, defendant HUDHAYFAH ABDULLAH provided a runner two stolen U.S. Treasury checks, one a Social Security check made payable to R.M.S. in the amount of $2,163.00 and the other made payable to W.R. in the amount of $500.00, as well as two counterfeit Georgia driver's licenses manufactured by defendant KHALIL MAJEED in the names of R.M.S. and W.R., but each displaying the runner's photograph. In addition to the two checks provided to the runner, defendant HUDHAYFAH ABDULLAH possessed another five stolen U.S. Treasury checks, in the approximate amounts of $2,100.00, $2,100.00, $1,077.00, $1,005.00, and $721.00.

65. On or about June 2, 2014, defendant HUSSAIN ABDULLAH complained to defendant HUDHAYFAH ABDULLAH that he tried to cash checks two days in a row at the same check cashing location, but was refused each time, and HUDHAYFAH ABDULLAH asked what the workers at the check cashing location gave as the reason for the refusal.

66. On or about June 3, 2014, defendant HUSSAIN ABDULLAH spoke by telephone to an individual he believed to be a Walmart employee willing to cash

stolen checks, but who in reality was an undercover FBI agent (UC), for the purpose of arranging a meeting to provide stolen checks for cashing.

67.   On or about June 3, 2014, defendant HUSSAIN ABDULLAH provided a stolen U.S. Treasury Social Security check payable in another's name, R.M.S., in the amount of $2,163.00 to defendant ALI AL-AMIN, who provided the check to the UC for cashing.

68.   On or about June 4, 2014, defendants HUSSAIN ABDULLAH and SAYEED VALDEZ received the proceeds from cashing the above check.

69.   On or about June 4, 2014, defendant HUDHAYFAH ABDULLAH reminded defendant HUSSAIN ABDULLAH that he was owed $500.00 for the check that the UC cashed.

70.   On or about June 5, 2014, defendant ERICA WILLIS told defendant HUDHAYFAH ABDULLAH that she had numerous $400.00 and $500.00 stolen checks available.

71.   On or about June 5, 2014, defendants HUDHAYFAH ABDULLAH and HUSSAIN ABDULLAH discussed how to obtain checks with large face value amounts and how to recruit more runners to cash checks.

72.   On or about June 8, 2014, defendants SAYEED VALDEZ and HUSSAIN ABDULLAH provided to a runner a stolen U.S. Treasury Tax Refund check, payable to another, D.G.B., in the amount of $280.28, and a counterfeit Georgia driver's license that defendant KHALIL MAJEED manufactured and that showed D.G.B's name, but displayed the runner's photograph.

16

73. On or about June 10, 2014, defendants HUDHAYFAH ABDULLAH and HUSSAIN ABDULLAH provided two stolen U.S. Treasury checks to an individual they believed to be a Walmart employee willing to cash stolen checks, but who in reality was a UC, each check being made payable to another, one, a Department of the Navy check payable to G.R. in the amount of $3,333.34, and the other a Social Security check made payable to F.M.R. in the amount of $2,163.00.

74.  On or June 11, 2014, defendant HUSSAIN ABDULLAH provided to a runner a stolen U.S. Treasury check, payable to another, A.M.W., in the amount of $272.27 and a counterfeit Georgia driver's license manufactured by defendant KHALIL MAJEED that showed A.M.W.'s name, but displayed a different individual's photograph.

75. On or about June 11, 2014, defendant SAYEED VALDEZ provided to a runner the same stolen U.S. Treasury Tax Refund check that he had previously provided on June 8, 2014, which was payable to D.G.B. in the amount of $280.28, and a counterfeit Georgia driver's license that showed D.G.B.'s name, but displayed defendant ALI AL-AMIN's photograph.

76. On or about June 18, 2014, defendant HUSSAIN ABDULLAH provided an individual he believed to be a Walmart employee willing to cash stolen checks, but who in reality was a UC, the following three stolen U.S. Treasury checks for cashing, each made payable to another: a Social Security check made payable to J.A. in the amount of $2,163.00; a Social Security check made payable

17

to S.A.F. in the amount of $3,439.88; and a Thrift Saving Plan check made payable to J.H. in the amount of $4,699.00.

77. On or about June 20, 2014, defendants HUSSAIN ABDULLAH and HUDHAYFAH ABDULLAH received $8,600.00 in proceeds from the cashing of the three stolen U.S. Treasury checks defendant HUSSAIN ABDULLAH provided the UC on June 18, 2014.

78. On or about July 1, 2014, defendants HUSSAIN ABDULLAH and HUDHAYFAH ABDULLAH provided to an individual they believed to be a Walmart employee willing to cash stolen checks, but who in reality was a UC, two stolen U.S. Treasury checks for cashing, each made payable to another; one Tax Refund check made payable to R.M. in the amount of $6,176.00 and the other a Veteran Administration Compensation check made payable to N.J.H. in the amount of $3,017.60.

79. On or about July 10, 2014, defendants HUSSAIN ABDULLAH and HUDHAYFAH ABDULLAH discussed the splitting of proceeds from the cashing of a $2,000.00 check.

80. On or about July 12, 2014, defendant ANTONIO SLATON told defendant HUSSAIN ABDULLAH that he had ten stolen checks available, including one for "2153," to which HUSSAIN ABDULLAH responded that SLATON should bring him the "39" and the "21."

81. On or about July 13, 2014, defendant HUSSAIN ABDULLAH arranged and met defendant ANTONIO SLATON so that SLATON could provide stolen checks for cashing.

18

82. On or about July 14, 2014, defendant HUSSAIN ABDULLAH reminded defendant ANTONIO SLATON that he had checks in the amounts of $3,921.00, $2,163.00, and $3,814.75.

83. On or about July 16, 2014, defendant DEXTER WILLIS, a/k/a Qadir Monies, a/k/a "Dent," negotiated a 50-50 split with defendant HUSSAIN ABDULLAH on a stolen $12,000.00 U.S. Treasury Veterans Administration check and WILLIS told defendant HUSSAIN ABDULLAH that he was obtaining six stolen U.S. Treasury checks weekly.

84. On or about July 16, 2014, defendant HUSSAIN ABDULLAH told defendant ANTONIO SLATON that he had taken the $2,100.00 check to an individual who would cash it, but that she won't take the $3,800.00 and $3,900.00 checks. HUSSAIN ABDULLAH also told SLATON and that his "partner" had just supplied him a $12,000.00 check.

85. On or about July 17, 2014, defendant HUSSAIN ABDULLAH asked defendant JOANN DRIGO to help cash a stolen U.S. Treasury check in the amount of $12,235.05.

86. On or about July 18, 2014, defendant HUSSAIN ABDULLAH discussed with defendant ASAD ABDULLAH the best manner to cash the stolen $12,000 check that HUSSAIN ABDULLAH had.

87. On or about July 19, 2014, defendant HUSSAIN ABDULLAH told unindicted co-conspirator L.W. that he was thinking of buying a stolen check with a $2,700.00 face value for $500.00 and asked L.W. if she had money for it.

88. On or about July 19, 2014, unindicted co-conspirator L.W. complained to defendant HUSSAIN ABDULLAH that she only gets 40% of the proceeds of a successfully cashed stolen check while defendant HUSSAIN ABDULLAH splits 50% of the proceeds with his brothers.

89. On or about July 21, 2014, defendants HUSSAIN ABDULLAH and HUDHAYFAH ABDULLAH provided to an individual they believed to be a Walmart employee willing to cash stolen checks, but who in reality was a UC, two stolen U.S. Treasury checks for cashing, each made payable to another; one Department of Agriculture check made payable to J.W. in the amount of $3,921.00 and the other a Veteran Administration Compensation check made payable to B.H. in the amount of $3,017.60.

90. On or about July 23, 2014, defendants HUDHAYFAH ABDULLAH and HUSSAIN ABDULLAH discussed that defendant ASAD ABDULLAH was encouraging them to cash a check valued at approximately $6,200.00.

91. On or about July 24 and 25, 2014, defendant DEXTER WILLIS, a/k/a Qadir Monies, a/k/a "Dent," told defendant HUSSAIN ABDULLAH that he had two stolen checks in the amounts of $2,200.00 and $30,000.00, and defendant HUSSAIN ABDULLAH offered to buy the $2,200.00 check for 20% of the face value and to present for cashing the stolen $30,000.00 check to an unidentified co-conspirator who works at a bank.

92. On or about July 26, 2014, defendant HUSSAIN ABDULLAH asked defendant JOANN DRIGO to find someone to cash a stolen $35,000.00 check. Defendant JOANN DRIGO told defendant HUSSAIN ABDULLAH that she

needed the date, social security number, and amount displayed on the check and asked whether the check was a two-party check, to which defendant HUSSAIN ADBULLAH responded that the check was drawn on a federal credit union.

93. On or about July 28, 2014, defendants HUSSAIN ABDULLAH and ASAD ABDULLAH argued about splitting the proceeds from a $7,000.00 check.

All in violation of Title 18, United States Code, Section 371.

### COUNTS TWO THROUGH NINETEEN
**Theft of Government Funds**
**(18 U.S.C. § 641)**

94. The Grand Jury re-alleges and incorporates by reference herein the allegations set forth in paragraphs 3 through 93 of Count One of the Indictment.

95. From on or about the dates listed in Column B of the table below, in the Northern District of Georgia and elsewhere, the defendants identified below in Column C, aided and abetted by each other and others unknown to the Grand Jury, did willfully and knowingly engage in a scheme to receive, conceal, and retain property of the United States, that is, payments, in the form of checks having an aggregate value in excess of $1,000, issued by the United States Department of Treasury, with the intent to convert said property to their own use, the defendants then knowing and having reason to know said property was stolen, in the aggregate amounts specified in column D below and each amount exceeding $1,000, said property consisting of the U.S. Treasury checks described in column E.

| A | B | C | D | E |
|---|---|---|---|---|
| COUNT | DATE(S) | DEFENDANT(S) | AMOUNT | CHECK |
| 2 | 7/25/2012 | HUDHAYFAH ABDULLAH | $110,656.00 | Tax Refund payable to M.S. |
| 3 | 12/19/2013 | IBRAHIM ABDUR-RABBANI | $2,130.00 | Social Security Administration payable to D.E.B. |
| 4 | 1/15/2014 | IBRAHIM ABDUR-RABBANI; HAFID ABDUR-RABBANI | $2,000.00 | Department of Veterans Affairs payable to F.H.S. |
| 5 | 2/6/2014 | HAFID ABDUR-RABBANI | $3,257.47 | Social Security Administration payable to A.B.W. |
| 6 | 2/11/2014 | JASMINE PROCTOR | $1,633.70 | Social Security Administration payable to A.D.K. |
| 7 | 2/27/2014 | HAFID ABDUR-RABBANI | $2,597.08 | Tax Refund payable to R.W. |
| 8 | 3/13/2014 | IBRAHIM ABDUR-RABBANI; ZAHARIYAH ABDULLAH; MUHAJID AHMAD | $2,699.00 | Tax Refund payable to R.P. |
| 9 | 3/25/2014 | HAFID ABDUR-RABBANI; IBRAHIM ABDUR-RABBANI | $1,041.39 | Veteran Compensation payable to C.D.W. |
| 10 | 4/29/2014 | HUDHAYFAH ABDULLAH; ASAD ABDULLAH; ERICA WILLIS; IBRAHIM ABDUR-RABBANI | $1,857.08 | One $1,084.00 Tax Refund check payable to T.E.P. and S.P.; One $783.00 Department of the Army check payable to K.M.A. |
| 11 | 4/30/2014 | HUDHAYFAH ABDULLAH; ERICA WILLIS; KHALIL MAJEED | $1,923.97 | One $1,009.00 Tax Refund check payable to M.D. and A.A.; One $914.97 Tax Refund check payable to G.M. |
| 12 | 5/9/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH; ASAD ABDULLAH; HAFID ABDUR-RABBANI | $4,602.84 | One $3,357.84 Tax Refund check payable to P.B.; One $499.00 Tax Refund check payable to D.E. and H.M.E.; One $746.00 Tax Refund check payable to C.M.J. and J.S.J. |

| A | B | C | D | E |
|---|---|---|---|---|
| COUNT | DATE(S) | DEFENDANT(S) | AMOUNT | CHECK |
| 13 | 5/20/2014 | HUDHAYFAH ABDULLAH; KHALIL MAJEED | $1,981.21 | One $719.67 Social Security check payable to P.G.A.; One $577.74 Veterans Administration Compensation check payable to A.M.M.; One $683.80 Veterans Administration Compensation check payable to L.J. |
| 14 | 5/28/2014 | HUDHAYFAH ABDULLAH; KAHLIL MAJEED | $2,663.00 | One $2,163.00 Tax Refund check payable to R.M.S.; One $500.00 Tax Refund check payable to W.R. |
| 15 | 6/3/2014 | HUSSAIN ABDULLAH; ALI AL-AMIN; SAYEED VALDEZ | $2,163.00 | Tax Refund check payable to R.M.S. |
| 16 | 6/8/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH | $5,497.34 | One $3,334.34 Department of the Navy check payable to G.R; One $2,163.00 Social Security check payable to F.M.R. |
| 17 | 6/18/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH | $10,301.88 | One $2,163.00 Social Security check payable to J.A.; One $3,439.88 Social Security check payable to S.A.F.; One $4,699.00 Thrift Saving Plan check payable to J.H. |
| 18 | 7/1/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH | $9,193.60 | One $6,176.00 Tax Refund check payable to R.M; One $3,017.60 Veterans Administration Compensation check payable to N.J.H. |

| A | B | C | D | E |
|---|---|---|---|---|
| **COUNT** | **DATE(S)** | **DEFENDANT(S)** | **AMOUNT** | **CHECK** |
| 19 | 7/21/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH | $6,938.60 | One $3,921.00 Department of Agriculture check payable to J.W.; One $3017.60 Veterans Administration Compensation check payable to B.H. |

All in violation of Title 18, United States Code, Section 641 and Section 2.

## COUNTS TWENTY THROUGH THIRTY-ONE
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

96. The Grand Jury re-alleges and incorporates by reference herein the allegations set forth in paragraphs 3 through 93 of Count One of the Indictment.

97. On or about the dates specified below in Column B, in the Northern District of Georgia and elsewhere, the defendants identified below in Column C, aided and abetted by each other and others unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, the means of identification of other persons, that is, the defendants knowingly used the names of actual persons, specified below in Column D, during and in relation to the federal felony violation identified in Column E, in violation of Title 18, United States Code, Section 641.

| A | B | C | D | E |
|---|---|---|---|---|
| **COUNT** | **DATE(S)** | **DEFENDANT(S)** | **VICTIM** | **ASSOCIATED VIOLATION** |
| 20 | 12/19/2013 | IBRAHIM ABDUR-RABBANI | D.E.B. | Count 3 |

24

| A | B | C | D | E |
|---|---|---|---|---|
| COUNT | DATE(S) | DEFENDANT(S) | VICTIM | ASSOCIATED VIOLATION |
| 21 | 2/6/2014 | HAFID ABDUR-RABBANI | A.B.W. | Count 5 |
| 22 | 2/11/2014 | JASMINE PROCTOR | A.D.K. | Count 6 |
| 23 | 2/27/2014 | HAFID ABDUR-RABBANI | R.W. | Count 7 |
| 24 | 3/13/2014 | IBRAHIM ABDUR-RABBANI; ZAHARIYAH ABDULLAH; MUHAJID AHMAD | R.P. | Count 8 |
| 25 | 3/25/2014 | HAFID ABDUR-RABBANI; IBRAHIM ABDUR-RABBANI | C.D.W. | Count 9 |
| 26 | 4/29/2014 | HUDHAYFAH ABDULLAH; ASAD ABDULLAH; ERICA WILLIS; IBRAHIM ABDUR-RABBANI | T.E.P. | Count 10 |
| 27 | 5/9/2014 | HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH; ASAD ABDULLAH; HAFID ABDUR-RABBANI | P.B. | Count 12 |
| 28 | 5/20/2014 | HUDHAYFAH ABDULLAH; KHALIL MAJEED | L.J. | Count 13 |
| 29 | 5/28/2014 | HUDHAYFAH ABDULLAH; KHALIL MAJEED | R.M.S. | Count 14 |
| 30 | 6/11/2014 | ALI AL-AMIN; SAYEED VALDEZ | D.G.B. | Count 1, Overt Act at ¶ 75 |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## COUNT THIRTY-ONE
### Conspiracy to Commit Access Device Fraud
### (18 U.S.C. § 1029(b)(2))

98. From in or about April 2011 and continuing through in or about November 2011, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendants,

ASAD ABDULLAH,
MIKAL MAJEED, and
BILLEE COSBY,

did unlawfully, willfully, and knowingly conspire, combine, confederate, and

agree, and have a tacit understanding with each other and others both known

and unknown to the Grand Jury to commit the offense of access device fraud, to

wit: to knowingly and with intent to defraud traffic in and use unauthorized

access devices during any one-year period and, by such conduct, obtain things of

value aggregating at least $1,000 during that period, affecting interstate

commerce thereby, in violation of Title 18, United States Code, Section 1029(a)(2).

### Manner and Means of the Conspiracy

99. It was a part of the plan and purpose of the conspiracy that the defendants,

ASAD ABDULLAH, MIKAL MAJEED, and BILLEE COSBY, along with others

known and unknown to the Grand Jury, would defraud Sam's Club and

Walmart stores by unlawfully obtaining and using store credit cards in the

names of Sam's Club members without the members' knowledge, authorization,

or consent.

100.    To execute the plan, defendants ASAD ABDULLAH and MIKAL

MAJEED, along with others known and unknown to the Grand Jury, obtained

personally identifiable information, including names and dates of birth, for

victims that the defendants either knew or believed to be members of Sam's

Club.

101.    After obtaining the personal information of the victims, defendants

ASAD ABDULLAH and MIKAL MAJEED, along with others known and

unknown to the Grand Jury, would use the information to make and/or obtain

fraudulent identification documents. Although the fraudulent documents

contained photographs of the defendants and/or others working in concert with

them, the documents contained the names and/or dates of birth of the victim Sam's Club members.

102.   Defendants ASAD ABDULLAH, MIKAL MAJEED, and BILLEE COSBY, along with others known and unknown to the Grand Jury, presented the fraudulent identification documents at Sam's Club locations in the Northern District of Georgia and elsewhere and purported to be the victim members whose names and/or dates of birth were contained on the identification documents.  By doing so, the defendants and others working in concert with them caused Sam's Club to issue and/or re-issue store credit cards in the names of the victims.

103.   After fraudulently obtaining the Sam's Club credit cards, defendants ASAD ABDULLAH, MIKAL MAJEED, and BILLEE COSBY, along with others known and unknown to the Grand Jury, used the store credit cards to purchase gift cards, gasoline, and other items from Sam's Club and Walmart locations in the Northern District of Georgia and elsewhere, including Chattanooga, Tennessee, and Auburn, Alabama.

104.   By engaging in the fraudulent conduct described above, defendants ASAD ABDULLAH, MIKAL MAJEED, and BILLEE COSBY, along with others known and unknown to the Grand Jury, caused Sam's Club and Walmart to transmit electronic signals from the Northern District of Georgia and elsewhere to locations in other states, including the Sam's Club/Walmart headquarters in Bentonville, Arkansas.

### Overt Acts in Furtherance of the Conspiracy

105.   In furtherance of the conspiracy, and to effect the objects and purposes thereof, defendants ASAD ABDULLAH, MIKAL MAJEED, and BILLEE COSBY, along with others known and unknown to the Grand Jury, committed various overt acts in the Northern District of Georgia and elsewhere, including, but not limited to, the following:

106.   On or about April 3, 2011, defendant ASAD ABDULLAH fraudulently obtained and used a Sam's Club store credit card ending with the numbers 8488 and purportedly issued to victim A.A. to make purchases totaling approximately $2,008.00.

107.   Beginning on or about May 7, 2011, and ending no later than May 31, 2011, defendant ASAD ABDULLAH and another individual unknown to the Grand Jury fraudulently obtained and used a Sam's Club store credit card ending with the numbers 9710 and purportedly issued to victim T.N. to make purchases totaling approximately $7,333.00.

108.   On or about May 17, 2011, defendant MIKAL MAJEED fraudulently used a Sam's Club store credit card ending with the numbers 2646 and purportedly issued to victim J.S. to make purchases totaling approximately $1,997.00.

109.   On or about May 21, 2011, defendant BILLEE COSBY fraudulently obtained and used a Sam's Club store credit card ending with the numbers 4188 and purportedly issued to victim G.W. to make purchases totaling approximately $1,500.00.

28

110. On or about June 4, 2011, defendants ASAD ABDULLAH and MIKAL MAJEED fraudulently used a Sam's Club store credit card ending with the numbers 8290 and purportedly issued to victim M.S. to make purchases totaling approximately $10,000.00.

111. On or about June 13, 2011, defendant ASAD ABDULLAH fraudulently obtained and used a Sam's Club store credit card ending with the numbers 4233 and purportedly issued to victim W.W. to make purchases totaling approximately $3,814.00.

112. On or about June 13, 2011, defendant MIKAL MAJEED fraudulently obtained and used a Sam's Club store credit card ending with the numbers 4145 and purportedly issued to victim T.S. to make purchases totaling approximately $5,000.00.

113. On or about June 15, 2011, defendant ASAD ABDULLAH fraudulently obtained and used a Sam's Club store credit card ending with the numbers 1372 and purportedly issued to victim E.H. to make purchases totaling approximately $3,421.00.

114. Beginning on or about July 3, 2011, and ending no later than July 11, 2011, defendant MIKAL MAJEED fraudulently obtained and used a Sam's Club store credit card ending with the numbers 7647 and purportedly issued to victim A.F. to make purchases totaling approximately $13,337.00.

115. Beginning on or about July 19, 2011, and ending no later than July 26, 2011, defendant ASAD ABDULLAH fraudulently obtained and used a Sam's Club store credit card ending with the numbers 2598 and purportedly issued to victim S.G. to make purchases totaling approximately $6,109.00.

116.   On or about September 29, 2011, defendant BILLEE COSBY fraudulently obtained and used a Sam's Club store credit card ending with the numbers 8306 and purportedly issued to victim P.S.R. to make purchases totaling approximately $2,877.00.

117.   On or about October 1, 2011, defendant MIKAL MAJEED fraudulently obtained and used a Sam's Club store credit card ending with the numbers 2444 and purportedly issued to victim E.M. to make purchases totaling approximately $10,059.00.

118.   On or about October 5, 2011, defendant MIKAL MAJEED fraudulently obtained and used a Sam's Club store credit card ending with the numbers 8243 and purportedly issued to victim D.G. to make purchases totaling approximately $2,667.00.

119.   On or about November 25, 2011, defendant MIKAL MAJEED fraudulently obtained and used a Sam's Club store credit card ending with the numbers 2928 and purportedly issued to victim R.B. to make purchases totaling approximately $3,264.00.

All in violation of Title 18, United States Code, Section 1029(b)(2).

### COUNTS THIRTY-TWO THROUGH FORTY-FIVE
**Access Device Fraud**
**(18 U.S.C. § 1029(a)(2))**

120.   The Grand Jury re-alleges and incorporates by reference herein the allegations set forth in paragraphs 99 through 119 of Count Thirty-One of the Indictment.

121.   On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, the defendants identified below in Column C,

aided and abetted by each other and others unknown to the Grand Jury, did,
knowingly and with intent to defraud, traffic in and use unauthorized access
devices, identified below in Column D, purportedly issued to the victims listed
below in Column E, and by such conduct did obtain things of value aggregating
at least $1,000 during a one year period, affecting interstate commerce thereby:

| A | B | C | D | E |
|---|---|---|---|---|
| COUNT | DATE(S) | DEFENDANT(S) | ACCESS DEVICE | VICTIM |
| 32 | 4/3/2011 | ASAD ABDULLAH | Sam's Club credit card ending in 8488 | A.A. |
| 33 | 5/7/2011 to 5/31/2011 | ASAD ABDULLAH | Sam's Club credit card ending in 9710 | T.N. |
| 34 | 5/17/2011 | MIKAL MAJEED | Sam's Club credit card ending in 2646 | J.S. |
| 35 | 5/21/2011 | BILLEE COSBY | Sam's Club credit card ending in 4188 | G.W. |
| 36 | 6/4/2011 | ASAD ABDULLAH; MIKAL MAJEED | Sam's Club credit card ending in 8290 | M.S. |
| 37 | 6/13/2011 | ASAD ABDULLAH | Sam's Club credit card ending in 4233 | W.W. |
| 38 | 6/13/2011 | MIKAL MAJEED | Sam's Club credit card ending in 4145 | T.S. |
| 39 | 6/15/2011 | ASAD ABDULLAH | Sam's Club credit card ending in 1372 | E.H. |
| 40 | 7/3/2011 to 7/11/2011 | MIKAL MAJEED | Sam's Club credit card ending in 7647 | A.F. |
| 41 | 7/19/2011 to 7/26/2011 | ASAD ABDULLAH | Sam's Club credit card ending in 2598 | S.G. |
| 42 | 9/29/2011 | BILLEE COSBY | Sam's Club credit card ending in 8306 | P.S.R. |
| 43 | 10/1/2011 | MIKAL MAJEED | Sam's Club credit card ending in 2444 | E.M. |

| A | B | C | D | E |
|------|---------|--------------|-----------------------------------|--------|
| **COUNT** | **DATE(S)** | **DEFENDANT(S)** | **ACCESS DEVICE** | **VICTIM** |
| 44 | 10/5/2011 | MIKAL MAJEED | Sam's Club credit card ending in 8243 | D.G. |
| 45 | 11/25/2011 | MIKAL MAJEED | Sam's Club credit card ending in 2928 | R.B. |

All in violation of Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(i), and Section 2.

### COUNTS FORTY-SIX THROUGH FIFTY-NINE
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

122.   The Grand Jury re-alleges and incorporates by reference herein the allegations set forth in paragraphs 99 through 119 of Count Thirty-One of the Indictment.

123.   On or about the dates specified below in Column B, in the Northern District of Georgia and elsewhere, the defendants identified below in Column C, aided and abetted by each other and others unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, the means of identification of other persons, that is, the defendants knowingly used the names of actual persons, specified below in Column D, during and in relation to the federal felony of Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029(b)(2), as set forth in Count Thirty-One of this Indictment:

| A | B | C | D |
|---|---|---|---|
| **COUNT** | **DATE(S)** | **DEFENDANT** | **VICTIM** |
| 46 | 4/3/2011 | ASAD ABDULLAH | A.A. |
| 47 | 5/7/2011 to 5/31/2011 | ASAD ABDULLAH | T.N. |
| 48 | 5/16/2011 to 5/17/2011 | MIKAL MAJEED | J.S. |
| 49 | 5/21/2011 | BILLEE COSBY | G.W. |
| 50 | 6/3/2011 to 6/4/2011 | ASAD ABDULLAH; MIKAL MAJEED | M.S. |
| 51 | 6/13/2011 | ASAD ABDULLAH | W.W. |
| 52 | 6/13/2011 | MIKAL MAJEED | T.S. |
| 53 | 6/15/2011 | ASAD ABDULLAH | E.H. |
| 54 | 7/3/2011 to 7/11/2011 | MIKAL MAJEED | A.F. |
| 55 | 7/19/2011 to 7/26/2011 | ASAD ABDULLAH | S.G. |
| 56 | 9/29/2011 | BILLEE COSBY | P.S.R. |
| 57 | 10/1/2011 | MIKAL MAJEED | E.M. |
| 58 | 10/5/2011 | MIKAL MAJEED | D.G. |
| 59 | 11/25/2011 | MIKAL MAJEED | R.B. |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### COUNT SIXTY
### Misuse of a Passport
### (18 U.S.C. § 1544)

124.    On or about December 24, 2012, in the Northern District of Georgia, defendant ZAKARIYAH ABDULLAH knowingly and willfully used a passport

issued in the name of Hudhayfah Abdullah as means of identification to allow

him access to the terminal area of Hartsfield-Jackson International Airport, said

passport having been issued and designed for the use another; all in violation of

Title 18, United States Code, Section 1544.

## COUNT SIXTY-ONE
### Lying on Required Form to Purchase a Firearm
### (18 U.S.C. § 924(a)(1)(A))

125.    On or about September 4, 2013, in the Northern District of Georgia,

defendant HUDHAYFAH ABDULLAH did knowingly cause false and fictitious

representations to be made with respect to information required to be kept in the

records of a federal firearms licensee, that is, Arrowhead Pawn Shop, located at

6433A Tara Boulevard, Jonesboro, Georgia, in that in connection with a firearm,

specifically, a Smith and Wesson, Model M&P-15, .223 caliber rifle, the

defendant, HUDHAYFAH ABDULLAH, did knowingly falsely represent and

cause to be falsely represented on a Firearms Transaction Record, ATF Form

4473, that he was not then under indictment for a crime punishable for a term of

imprisonment exceeding one year, when in fact and truth, and as he well knew,

he was then under felony indictment in DeKalb County, Georgia in case number

13CR2191; all in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT SIXTY-TWO
### Conspiracy to Commit a Hobbs Act Robbery
### (18 U.S.C. § 1951)

126.    Beginning on or about July 17, 2014, and continuing until on or about

July 25, 2014, in the Northern District of Georgia, defendant HUSSAIN

34

ABDULLAH, and others known and unknown to the Grand Jury, did willfully combine, conspire, confederate, agree, and have a tacit understanding with one another to take and obtain property by means of actual and threatened force, violence, and intimidation, from the presence of individuals engaged in an activity affecting interstate commerce, said property consisting of illegal drugs and proceeds from drug trafficking; all in violation of Title 18, United State Code, Section 1951(a).

## FORFEITURE PROVISIONS

127.   All of the allegations set forth in the preceding paragraphs are incorporated herein by reference, as if fully restated.

128.   Upon conviction of one or more of the offenses alleged in Counts One through Nineteen of this Indictment, the defendants, HUSSAIN ABDULLAH; HUDHAYFAH ABDULLAH; ASAD ABDULLAH; HAFID ABDUR-RABBANI; IBRAHIM ABDUR-RABBANI; KHALIL MAJEED; SAYEED VALDEZ; ERICA WILLIS; DEXTER WILLIS; ANTONIO SLATON; CORY HOWELL; DAMION DAVIS; ALI AL-AMIN; ZAKARIYAH ABDULLAH; MUHAJID AHMAD; JOANN DRIGO; and JASMINE PROCTOR, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

129. Upon conviction of one or more of the offenses alleged in Counts
Thirty-One through Forty-Five of this Indictment, the defendants, ASAD
ABDULLAH; MIKAL MAJEED; and BILLEE COSBY, shall forfeit to the United
States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property
constituting or derived from proceeds obtained directly or indirectly as a result
of the said violations.

130. As a result of committing the offense alleged in Count Sixty-One of this
Indictment, the defendant, HUDHAYFAH ABDULLAH, shall forfeit to the
United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, all firearms
and ammunition involved in and used in said offense, including but not limited
to a Smith and Wesson, Model M&P-15, .223 caliber rifle.

131. Additionally, as a result of committing the offense alleged in Count
Sixty-One of this Indictment, the defendant, HUDHAYFAH ABDULLAH, shall
forfeit to the United States, pursuant to 18 U.S.C. § 3665, the following firearm
possessed by and under the immediate control of said defendant(s) at the time of
arrest: a Smith and Wesson, Model M&P-15, .223 caliber rifle.

132. As a result of committing the offense alleged in Count Sixty-Two of
this Indictment, the defendant, HUSSAIN ABDULLAH, shall forfeit to the
United States, pursuant to 18 U.S.C. § 981(a)(1)(C), all property, real and
personal, constituting and derived from proceeds traceable to the offense.

36

133. If any of the above-described forfeitable property, as a result of any act

or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided
       without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said

defendant(s) up to the value of the forfeitable property described above.


A _Tue_____ BILL

~~Carolyn Hargrove~~
                    FOREPERSON


SALLY QUILLIAN YATES
    *United States Attorney*

~~Kim S. Da~~
KIM S. DAMMERS
    *Assistant United States Attorney*
Georgia Bar No. 425317

~~Nekia S. Hackworth~~
NEKIA S. HACKWORTH
    *Assistant United States Attorney*
Georgia Bar No. 394110


600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Phone: 404-581-6000
Fax: 404-581-6181

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### UNITED STATES OF AMERICA

**-vs-**                                          **Case No.   1:14cr344-13-WSD**

**ALI AL-AMIN**

**Defendant's Attorney**
**William Morrison**

---

### JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 1, 15, 30 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 641 | Conspiracy  to  commit theft of government funds | 1 |
| 18 USC § 641 | Theft of government funds | 15 |
| 18 USC § 1028A(a)(1) | Aggravated identity theft | 30 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$300.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.         XXX-XX-0456          Date of Imposition of Sentence: January 15, 2016
Defendant's Date of Birth:            1978
Defendant's Mailing Address:
Robert A. Deyton Detention Center
11866 Hastings Bridge Road
Lovejoy, Georgia 30250

Signed this the 15th day of January, 2016.

/s/William S. Duffey
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

1:14cr344-13-WSD : ALI AL-AMIN                                                          Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 19 months as to counts 1 and 15 to run concurrently to each other and 24 months on count 30 to be served consecutively to counts 1 and 15, for a total term of 43 months.

The defendant is remanded to the custody of the United States Marshal.

The Court makes the following recommendation to the Bureau of Prisons: (1) That the designation for the defendant be close to the Atlanta, Georgia area. (2) That the defendant be evaluated and receive treatment for and mental health and/or substance abuse issues, under the Bureau of Prisons criteria.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____  to  _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

1:14cr344-13-WSD : ALI AL-AMIN                                                                    Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years** as to counts 1 and 15, and 1 year as to count 30, to be served concurrently..

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall submit to one drug urinalysis within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his/her person, property, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall participate in and complete the United States Probation Office Cognitive Skills/Thinking for a Change Class at the direction of the United States Probation Office.

1:14cr344-13-WSD : ALI AL-AMIN                                                        Page 4 of 5

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.   The Court will waive the fine and cost of incarceration in this case.

**Q**uery    **Reports**    **U**tilities    **Help**    **What's New**    **Log Out**

**U.S. District Court**
**Northern District of Georgia (Atlanta)**
**CRIMINAL DOCKET FOR CASE #: 1:14-cr-00544-AT-CMS-13** CLOSED,CsRd/TrLLONG,PROTO,TransSup

Case title: USA v. Abdullah et al

Date Filed: 09/11/2014
Date Terminated: 01/15/2016

---

Assigned to: Judge Amy Totenberg
Referred to: Magistrate Judge Catherine
M. Salinas

### Defendant (13)

**Ali Al-Amin**
*TERMINATED: 01/15/2016*

represented by **William Allman Morrison**
William A. Morrison, Attorney At Law
Suite 1110
50 Hurt Plaza
Atlanta, GA 30303
470-444-9530
Fax: 404-584-5994
Email: bill@themorrisonfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

### Pending Counts

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

### Disposition

CBOP 19 MONTHS (as to counts 1 and
15 to run concurrently to each other and
24 months on count 30 to be served
consecutively to counts 1 and 15, for a
total term of 43 months); 3 YEARS
SUPERVISED RELEASE (as to counts
1 and 15, and 1 year as to count 30, to
be served concurrently); $100.00
Special Assessment

| | |
|---|---|
| 18:641 and 2 PUBLIC MONEY, PROPERTY OR RECORDS (15) | CBOP 19 MONTHS (as to counts 1 and 15 to run concurrently to each other and 24 months on count 30 to be served consecutively to counts 1 and 15, for a total term of 43 months); 3 YEARS SUPERVISED RELEASE (as to counts 1 and 15, and 1 year as to count 30, to be served concurrently); $100.00 Special Assessment |
| 18:1028A(a)(1) and 2 FRAUD WITH IDENTIFICATION DOCUMENTS (30) | CBOP 24 MONTHS (as to counts 1 and 15 to run concurrently to each other and 24 months on count 30 to be served consecutively to counts 1 and 15, for a total term of 43 months); 1 YEAR SUPERVISED RELEASE (as to counts 1 and 15, and 1 year as to count 30, to be served concurrently); $100.00 Special Assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

| **Plaintiff** | | |
|---|---|---|
| USA | represented by | **Jessica Celina Morris** |
| | | Office of the United States Attorney-ATL600 |
| | | Northern District of Georgia |
| | | 600 United States Courthouse |
| | | 75 Ted Turner Dr., S.W. |
| | | Atlanta, GA 30303 |
| | | 404-581-6053 |
| | | Email: Jessica.Morris3@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Kim Dammers**
Office of United States Attorney
Northern District of Georgia
75 Ted Turner Dr., S.W.
600 United States Courthouse
Atlanta, GA 30303
404-581-6000
Email: kim.dammers2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nekia Hackworth Jones**
Nelson Mullins Riley & Scarborough,
LLP-ATL
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
404-322-6000
Fax: 404-322-6050
Email:
nekia.hackworth@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dahil Dueno Goss**
Office of United States Attorney
Northern District of Georgia
75 Ted Turner Drive, S.W.
600 United States Courthouse
Atlanta, GA 30303
404-581-6245
Fax: 404-581-6234.
Email: dahil.goss@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Hans Miller**
Office of the United States Attorney-
DC
7th Floor
1301 New York Avenue, N.W.

Washington, DC 20530

202-353-2099
Email: hans.miller@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jenny R. Turner**
Office of United States Attorney
Northern District of Georgia
75 Spring Street, S.W.
600 United States Courthouse
Atlanta, GA 30303
404-581-6084
Fax: 404-581-6234
Email: jenny.turner@usdoj.gov
*TERMINATED: 08/21/2015*
*ATTORNEY TO BE NOTICED*

**Noah Schechtman**
Office of the United States Attorney-
ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404-581-6000
Fax: 404-581-69181
Email: noah.schechtman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Tiffany Mallory Moore**
Office of the United States Attorney-
ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404-581-6222
Email: tiffany.moore2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2014 | 1 | SEALED INDICTMENT with Forfeiture Provision as to Hussain Abdullah (1) count(s) 1, 12, 15-19, 27, 62, Hudhayfah Abdullah (2) count(s) 1, 2, 10-14, 16-19, 26-29, 61, Asad Abdullah (3) count(s) 1, 10, 12, 26-27, 31, 32-33, 36- |

| | | |
|---|---|---|
| | | 37, 39, 41, 46-47, 50-51, 53, 55, Hafid Abdur-Rabbani (4) count(s) 1, 4-5, 7, 9, 12, 21, 23, 25, 27, Ibrahim Abdur-Rabbani (5) count(s) 1, 3-4, 8-10, 20, 24-26, Khalil Majeed (6) count(s) 1, 11, 13-14, 28-29, Sayeed Valdez (7) count(s) 1, 15, 30, Erica Willis (8) count(s) 1, 10-11, 26, Dexter Willis (9) count(s) 1, Antonio Slaton (10) count(s) 1, Cory Howell (11) count(s) 1, Damion Davis (12) count(s) 1, Ali Al-Amin (13) count(s) 1, 15, 30, Zakariyah Abdullah (14) count(s) 1, 8, 24, 60, Billee Cosby (15) count(s) 31, 35, 42, 49, 56, Mikal Majeed (16) count(s) 31, 34, 36, 38, 40, 43-45, 48, 50, 52, 54, 57-59, Muhajid Ahmad (17) count(s) 1, 8, 24, Joann Drigo (18) count(s) 1, Jasmine Proctor (19) count(s) 1, 6, 22. (adg) (Entered: 09/16/2014) |
| 09/11/2014 | 16 | Defendant Information Sheet as to Ali Al-Amin. (adg) (Entered: 09/17/2014) |
| 09/11/2014 | 37 | Praecipe filed. Arrest Warrant Issued as to Ali Al-Amin and delivered to USM on 9/11/2014 (adg) (Entered: 09/17/2014) |
| 09/24/2014 | | INDICTMENT UNSEALED as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor (adg) (Entered: 09/24/2014) |
| 09/24/2014 | 46 | MOTION to Unseal 1 Indictment by USA as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor. (ryc) (Entered: 09/24/2014) |
| 09/24/2014 | 47 | ORDER GRANTING 46 Government's Motion to Unseal 1 Indictment as to Hussain Abdullah (1), Hudhayfah Abdullah (2), Asad Abdullah (3), Hafid Abdur-Rabbani (4), Ibrahim Abdur-Rabbani (5), Khalil Majeed (6), Sayeed Valdez (7), Erica Willis (8), Dexter Willis (9), Antonio Slaton (10), Cory Howell (11), Damion Davis (12), Ali Al-Amin (13), Zakariyah Abdullah (14), Billee Cosby (15), Mikal Majeed (16), Muhajid Ahmad (17), Joann Drigo (18), Jasmine Proctor (19). Signed by Magistrate Judge Alan J. Baverman on 9/24/14. (ryc) (Entered: 09/24/2014) |
| 09/24/2014 | | Case as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor Assigned to Judge William S. Duffey, Jr and Magistrate Judge E. Clayton Scofield, III. (rsg) (Entered: 09/25/2014) |
| 09/24/2014 | 93 | MOTION to Unseal Title III Recordings, Applications and Orders by USA as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica |

| | | |
|---|---|---|
| | | Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor. (adg) (Entered: 09/26/2014) |
| 09/24/2014 | 94 | ORDER GRANTING 93 Motion to Title III Recordings, Applications and Orders as to Hussain Abdullah (1), Hudhayfah Abdullah (2), Asad Abdullah (3), Hafid Abdur-Rabbani (4), Ibrahim Abdur-Rabbani (5), Khalil Majeed (6), Sayeed Valdez (7), Erica Willis (8), Dexter Willis (9), Antonio Slaton (10), Cory Howell (11), Damion Davis (12), Ali Al-Amin (13), Zakariyah Abdullah (14), Billee Cosby (15), Mikal Majeed (16), Muhajid Ahmad (17), Joann Drigo (18), Jasmine Proctor (19). Signed by Magistrate Judge Alan J. Baverman on 9/24/2014. (adg) (Entered: 09/26/2014) |
| 09/24/2014 | | Arrest of Ali Al-Amin (anc) (Entered: 10/23/2014) |
| 09/25/2014 | 138 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: INITIAL APPEARANCE, ARRAIGNMENT with PLEA of NOT GUILTY to Counts 1,15, 30 by Ali Al-Amin (13). (Attachments: # 1 Plea) (Tape #FTR) (anc) (Entered: 09/30/2014) |
| 09/25/2014 | 139 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Kendal Silas for IA only as to Ali Al-Amin. Signed by Magistrate Judge Alan J. Baverman on 9/25/2014. (anc) (Entered: 09/30/2014) |
| 09/25/2014 | 140 | MOTION for Detention by USA as to Ali Al-Amin. (anc) (Entered: 09/30/2014) |
| 09/25/2014 | 141 | Order of Temporary Detention pursuant to Bail Reform Act by Judge Alan J. Baverman as to Ali Al-Amin. Detention Hearing set for 9/29/2014 at 1:30 PM in ATLA Courtroom 1879 before Magistrate Judge Alan J. Baverman. (anc) Modified on 9/30/2014 in order to correct file date (anc). (Entered: 09/30/2014) |
| 09/26/2014 | 137 | ORDER OF CJA 20-Appointment to Pay Court Appointed Counsel as to Ali Al-Amin : Appointment of Attorney William Allman Morrison for Ali Al-Amin. Signed by Magistrate Judge Alan J. Baverman on 9/26/2014. (anc) (Entered: 09/30/2014) |
| 09/29/2014 | 136 | Notice for Leave of Absence for the following date(s): October 16, 2014 through October 21, 2014, December 27, 2014 through January 3, 2015, March 15, 2015 through March 18, 2015, May 11, 2015 through May 22, 2015, by William Allman Morrison. (Morrison, William) (Entered: 09/29/2014) |
| 09/29/2014 | 149 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: Detention Hearing as to Ali Al-Amin. (Tape #FTR) (anc) (Entered: 09/30/2014) |
| 09/29/2014 | 150 | ORDER OF DETENTION PENDING TRIAL granting 140 Governments |

| | | |
|---|---|---|
| | | Motion for Detention as to Ali Al-Amin (13). Signed by Magistrate Judge Alan J. Baverman on 9/29/2014. (anc) (Entered: 09/30/2014) |
| 10/02/2014 | 159 | Notice for Leave of Absence for the following date(s): Leave of Absence for October 9-10, 2014, November 6-12, 2014, November 28, 2014, December 29, 2014-January 2, 2015., by Nekia Shantel Hackworth. (Hackworth, Nekia) (Entered: 10/02/2014) |
| 10/09/2014 | 180 | Unopposed MOTION for Protective Order by USA as to Hudhayfah Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Dexter Willis, Ali Al-Amin, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor. (Attachments: # 1 Text of Proposed Order) (Hackworth, Nekia) (Entered: 10/09/2014) |
| 10/20/2014 | 200 | Arrest Warrant Returned Executed on 9/24/2014 as to Ali Al-Amin. (anc) (Entered: 10/23/2014) |
| 10/21/2014 | 199 | PRETRIAL SCHEDULING ORDER as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor. Before this Court is defendant Erica Willis's 181 motion for extension of time to review discovery and file pretrial motions. For good cause shown, the court GRANTS this motion as to ALL DEFENDANTS. Pretrial motions are due by November 13, 2014. NOTE: to avoid confusion on the docket, NO MOTIONS TO ADOPT WILL BE PERMITTED. Pretrial Conference set for 11/17/2014 at 10:00 AM in ATLA Courtroom 1810 before Magistrate Judge E. Clayton Scofield III. Signed by Magistrate Judge E. Clayton Scofield, III on 10/21/2014. (anc) (Entered: 10/22/2014) |
| 10/30/2014 | 206 | PROTECTIVE ORDER FOR DISCOVERY MATERIALS granting 180 Motion for Protective Order as to Hudhayfah Abdullah (2), Hafid Abdur-Rabbani (4), Ibrahim Abdur-Rabbani (5), Khalil Majeed (6), Sayeed Valdez (7), Dexter Willis (9), Ali Al-Amin (13), Billee Cosby (15), Muhajid Ahmad (17), Joann Drigo (18), Jasmine Proctor (19). Signed by Magistrate Judge E. Clayton Scofield, III on 10/29/2014. (anc) (Entered: 10/30/2014) |
| 11/17/2014 | 228 | ORDER GRANTING all pending motions for continuance of pretrial conference. Pretrial Conference RESCHEDULED for 12/10/2014 at 10:00 AM before Magistrate Judge E. Clayton Scofield III. The deadline for filing pretrial motions for ALL DEFENDANTS is hereby extended to 12/5/2014. The time from 11/17/2014 to 12/10/2014 is excluded from speedy trial calculations. Signed by Magistrate Judge E. Clayton Scofield, III on 11/17/2014. (anc) Modified on 11/19/2014 in order to correct pretrial conference date (anc). (Entered: 11/18/2014) |
| 11/19/2014 | | Notification of Docket Correction re 228 Order on Motion to Continue Pretrial Conference. Pretrial Conference set for 12/10/2014 at 10:00 AM. (anc) |

| | | |
|---|---|---|
| | | (Entered: 11/19/2014) |
| 12/09/2014 | 255 | NOTICE OF ATTORNEY APPEARANCE Jenny R. Turner appearing for USA. *for asset forfeiture issues* (Turner, Jenny) (Entered: 12/09/2014) |
| 12/09/2014 | 256 | Government's Bill of Particulars as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctorby USA. (Turner, Jenny) (Entered: 12/09/2014) |
| 12/10/2014 | 272 | ORDER CERTIFYING CASE READY FOR TRIAL as to Ali Al-Amin. Signed by Magistrate Judge E. Clayton Scofield, III on 12/10/2014. (anc) (Entered: 12/11/2014) |
| 01/26/2015 | 302 | Notice for Leave of Absence for the following date(s): March 16, 2015, April 6-10, 2015, May 6-8, 2015, by Nekia Shantel Hackworth. (Hackworth, Nekia) (Entered: 01/26/2015) |
| 03/27/2015 | 348 | MOTION to Approve Paralegal Funds by Ali Al-Amin. (Morrison, William) Modified on 3/30/2015 in order to update docket text (anc). (Entered: 03/27/2015) |
| 03/30/2015 | 352 | ORDER GRANTING 348 Motion for Paralegal Funds Pursuant to CJA as to Ali Al-Amin (13). Counsel for Al-Amin are authorized to employ a paralegal to be billed at $40.00 per hour not to exceed $2,400.00 without further approval from this court. Signed by Magistrate Judge E. Clayton Scofield, III on 3/30/2015. (anc) (Entered: 04/01/2015) |
| 04/10/2015 | 362 | Notice for Leave of Absence for the following date(s): Monday, April 20, 2015 to and including Friday, April 24, 2015 and Monday, August 23, 2015 to and including Thursday, September 3, 2015, by Kim Dammers. (Dammers, Kim) (Entered: 04/10/2015) |
| 04/16/2015 | 371 | ORDER as to Ali Al-Amin that Marielle Folsom shall be allowed to visit Mr. Al-Amin with William A. Morrison and separately. Signed by Magistrate Judge E. Clayton Scofield, III on 4/13/2015. (anc) (Entered: 04/21/2015) |
| 05/12/2015 | 380 | Notice for Leave of Absence for the following date(s): May 21-22, 2015;June 1-5,2015; June 22-23,2015;June 29-30,2015, by Nekia Shantel Hackworth. (Hackworth, Nekia) (Entered: 05/12/2015) |
| 05/19/2015 | | Document 384 is sealed. (adg) (Entered: 05/21/2015) |
| 06/16/2015 | | NOTICE SCHEDULING PLEA HEARING (by docket entry only) as to Ali Al-Amin. Change of Plea Hearing set for 6/24/2015 at 02:30 PM in ATLA Courtroom 1705 before Judge William S. Duffey Jr. (hfm) (Entered: 06/16/2015) |
| | | |

| 06/18/2015 | 396 | Notice for Leave of Absence for the following date(s): 7/2/15-7/3/15, 8/26/15-8/28/15, and 10/15/15-10/21/15, by William Allman Morrison. (Morrison, William) (Entered: 06/18/2015) |
| 06/24/2015 | 408 | Minute Entry for proceedings held before Judge William S. Duffey, Jr: Change of Plea Hearing as to Ali Al-Amin, PLEA of GUILTY by Ali Al-Amin (13) Guilty Count 1,15,30. (Attachments: # 1 Guilty Plea and Plea Agreement) (Court Reporter Nick Marrone) (adg) (Entered: 06/24/2015) |
| 06/24/2015 | 409 | NOTICE OF SENTENCING Set as to Ali Al-Amin. Sentencing set for 9/29/2015 at 02:30 PM in ATLA Courtroom 1705 before Judge William S. Duffey Jr.. (adg) (Entered: 06/24/2015) |
| 06/25/2015 | | NOTICE FROM THE COURT(by docket entry only) as to Ali Al-Amin: Sentencing memorandum and any other information that a party wants the Court to consider in connection with sentencing of the defendant shall be submitted to the Court and served on opposing counsel five (5) business days before the date set for sentencing and any response to such sentencing memorandum shall be submitted three (3) business days before sentencing. A party who intends to present evidence at sentencing shall, three (3) business days before sentencing, advise the Court and opposing counsel of the identity of such witness(es) and the estimated length of the testimony of each witness expected to be called. (hfm) (Entered: 06/25/2015) |
| 07/01/2015 | | Case as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor Reassigned/Referred to Magistrate Judge Catherine M Salinas. Magistrate Judge E. Clayton Scofield, III no longer assigned to the case. (adg) (Entered: 07/01/2015) |
| 07/16/2015 | 423 | Notice for Leave of Absence for the following date(s): 9/3/15-9/4/15, and 11/25/15-11/27/15, by William Allman Morrison. (Morrison, William) (Entered: 07/16/2015) |
| 08/07/2015 | | NOTICE (by docket entry only) CONTINUING SENTENCING HEARINGS for Mikal Majeed, Billee Cosby, Ali Al-Amin, Antonio Slatonand Asad Abdullah until a date to be determined by the Court. (hfm) (Entered: 08/07/2015) |
| 08/21/2015 | 438 | Certification of Consent to Substitution of Counsel for USA as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor. Dahil Dueno Goss replacing attorney Jenny R. Turner. (Goss, Dahil) (Entered: 08/21/2015) |

| 10/01/2015 | 453 | NOTICE OF ATTORNEY APPEARANCE Hans Miller appearing for USA. (Miller, Hans) (Entered: 10/01/2015) |
|---|---|---|
| 10/23/2015 | | NOTICE OF SENTENCING (by docket entry only) as to Ali Al-Amin. Sentencing set for 1/13/2016 at 02:30 PM in ATLA Courtroom 1705 before Judge William S. Duffey Jr. (hfm) (Entered: 10/23/2015) |
| 10/28/2015 | | Document 494 is sealed. (aaq) (Entered: 10/28/2015) |
| 11/04/2015 | 499 | Notice for Leave of Absence for the following date(s): 4/11/16-4/15/16, 5/16/16-5/20/16, 5/26/15-5/30/15, 8/5/16, 8/22/16-9/9/16, and 10/13/16-10/18/16, by William Allman Morrison. (Morrison, William) (Entered: 11/04/2015) |
| 11/16/2015 | | NOTICE RESCHEDULING SENTENCING HEARING (by docket entry only) as to Ali Al-Amin. Sentencing re-set for 1/15/2016 at 11:00 AM in ATLA Courtroom 1705 before Judge William S. Duffey Jr. (hfm) (Entered: 11/16/2015) |
| 01/04/2016 | 510 | Notice for Leave of Absence for the following date(s): Tuesday, February 16, 2016 to and including Tuesday, February 23, 2016, by Kim Dammers. (Dammers, Kim) (Entered: 01/04/2016) |
| 01/13/2016 | | Documents 525-527 are sealed. (aaq) (Entered: 01/14/2016) |
| 01/15/2016 | 528 | Minute Entry for proceedings held before Judge William S. Duffey, Jr: Sentencing held as to Ali Al-Amin. The Court adopted as facts those not objected to in pre-sentence report as findings of the Court, there were no objections to PSR. The Court heard from counsel and granted Motion for downward departure. The Court pronounced sentence - Custody of Bureau of Prisons 43 months to be followed by 3 years supervised release, $300.00 Special Assessment. The Court inquired as to Jones Objections. There were none. The Court advised the defendant of his/her right to appeal the sentence within 14days. (Court Reporter Wynette Blathers) (aaq) (Entered: 01/15/2016) |
| 01/15/2016 | 529 | JUDGMENT AND COMMITMENT as to Ali Al-Amin (13), Count(s) 1, 2 and 3: CBOP 19 MONTHS (as to counts 1 and 15 to run concurrently to each other) and 24 MONTHS as to count 30 to be served consecutively to counts 1 and 15, for a total term of 43 MONTHS. 3 YEARS SUPERVISED RELEASE (as to counts 1 and 15) and 1 YEAR as to count 30, to be served concurrently. $100.00 Special Assessment on each count. The defendant is remanded to the custody of the United States Marshal. The Court makes the following recommendation to the Bureau of Prisons: (1) That the designation for the defendant be close to the Atlanta, Georgia area. (2) That the defendant be evaluated and receive treatment for and mental health and/or substance abuse issues, under the Bureau of Prisons criteria. Signed by Judge William S. Duffey, Jr on 01/15/16. --Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (aaq) (Entered: 01/15/2016) |

| 01/22/2016 | | Documents 542 and 543 are sealed. (dfb) (Entered: 01/22/2016) |
|---|---|---|
| 01/22/2016 | | Documents 547 and 548 are sealed. (dfb) (Entered: 01/26/2016) |
| 01/29/2016 | | Documents 572 and 573 are sealed. (dfb) (Entered: 01/29/2016) |
| 02/09/2016 | | Documents 603-605 and 607-609 are sealed. (dfb) (Entered: 02/10/2016) |
| 04/06/2016 | 679 | TRANSCRIPT of the Audio-Recorded Hearing Proceedings as to Hussain Abdullah, Hudhayfah Abdullah, Asad Abdullah, Hafid Abdur-Rabbani, Ibrahim Abdur-Rabbani, Khalil Majeed, Sayeed Valdez, Erica Willis, Dexter Willis, Antonio Slaton, Cory Howell, Damion Davis, Ali Al-Amin, Zakariyah Abdullah, Billee Cosby, Mikal Majeed, Muhajid Ahmad, Joann Drigo, Jasmine Proctor held on December 10, 2014, before Judge E. Clayton Scofield. Court Reporter/Transcriber Nicholas A. Marrone, Telephone number 404-215-1486. Redaction Request due 4/27/2016. Redacted Transcript Deadline set for 5/9/2016. Release of Transcript Restriction set for 7/5/2016. (Attachments: # 1 Notice of Filing of Official Transcript) (kac) (Entered: 04/06/2016) |
| 09/05/2017 | | Document 707 is sealed. (jtj) (Entered: 09/05/2017) |
| 10/31/2017 | | Document 708 is sealed. (jtj) (Entered: 11/01/2017) |
| 08/29/2019 | | Document 768 is sealed. (ddm) (Entered: 08/29/2019) |
| 04/08/2020 | | Case as to Ali Al-Amin Reassigned to Judge Amy Totenberg. Judge William S. Duffey, Jr. no longer assigned to the case. (transfer of jurisdiction) (aar) (Entered: 04/08/2020) |
| 04/24/2020 | 796 | Supervised Release Jurisdiction Transferred to Western District of Texas - San Antonio Division as to Ali Al-Amin (Attachments: # 1 Letter to Clerk)(bnp) (Entered: 04/27/2020) |
| 04/27/2020 | | Electronically Transmitted Transfer of Jurisdiction form re: 796 Transfer Out/Supervised Release as to Ali Al-Amin, with copies of indictment, judgment and docket sheet. (bnp) (Entered: 04/27/2020) |